Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8295 | **DATE** | 5/7/2003 |
| **CASE TITLE** | Tawana Najieb vs. William Chrysler Plymouth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Presently before us is William Chrysler's motion to reconsider our ruling denying summary judgment as to Count I, which alleges a violation of the Equal Credit Opportunity Act. The Court denies William Chrysler's motion to reconsider.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | MAY 08 2003 | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/7/2003 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAWANA NAJIEB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01 C 8295 |
| | ) | |
| WILLIAM CHRYSLER-PLYMOUTH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DOCKETED
MAY - 9 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff, Tawana Najieb filed a five-count complaint against Defendant William Chrysler-Plymouth ("William Chrysler" or "Dealership"). William Chrysler filed a motion for summary judgment on all five counts. Najieb filed a cross motion for summary judgment on Counts I, III, IV, and V. In an order entered on December 31, 2002, we granted William Chrysler's motion on Counts II and III, denied its motion on Counts I and V, and granted in part and denied in part its motion on Count IV. We also denied Najieb's motion for summary judgment. Presently before us is William Chrysler's motion to reconsider our ruling denying summary judgment as to Count I, which alleges a violation of the Equal Credit Opportunity Act ("ECOA"). For the reasons set forth below, we deny the motion.

## ANALYSIS

The Federal Rules of Civil Procedure ("FRCP") provide two avenues through which litigants may seek reconsideration of orders by the district court. Any motion "challenging the merits of the district court's decision . . . must fall under either Rule 59(e) or Rule 60(b)" of the FRCP. *United States of America v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) allows a district court to entertain a motion to alter or amend a judgment. Pursuant to this rule, a litigant may direct a court's attention to

matters such as newly discovered evidence or manifest error of law or fact. *See Russell v. Delco Remy Division of Gen'l Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Under this Rule, a court has the opportunity to correct its own errors. *See id.* There is, however, an important limitation to Rule 59(e): it must be invoked within ten days of the entry of the judgment.

A motion "to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)," even if the movant has not specifically cited this Rule. *Deutsch*, 981 F.2d at 301. Rule 60(b) is similar to Rule 59(e) in that it enables a party to seek relief from a court's order. Under Rule 60(b), however, a court may grant relief only under the particular circumstances listed in the Rule, including the movant's discovery of new evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." FRCP 60(b)(2); *see also Russell*, 51 F.3d at 749. "Rule 60(b) is . . . an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted). Nor is the Rule the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989).

We entered our order on the parties' motions for summary judgment on December 31, 2002. To qualify under Rule 59(e), William Chrysler needed to file its motion by January 15, 2003. However, William Chrysler filed its motion until April 29, 2003. Thus, we must evaluate William Chrysler's motion under Rule 60(b) rather than under Rule 59(e). William Chrysler's asks this Court to reconsider our denial of its motion for summary judgment on Count I in light of newly discovered letters that indicate Najieb received requisite notice under the ECOA regarding the denial of her loan application. William Chrysler provides no explanation as to why it could not have discovered these letters within ten days of the entry of our order. Indeed, we believe that William Chrysler could have, through due diligence, discovered these letters before filing its motion for summary judgment. The Dealership's tardy

2

discovery does not warrant the extraordinary remedy of amending our order denying William Chrysler summary judgment on Count I.

## **CONCLUSION**

For the foregoing reasons, this Court denies William Chrysler's motion to reconsider. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/7/03